```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          EASTERN DIVISION
```

WILLIAM T. COOLEY, JR.                                    PLAINTIFF

VS.                              CIVIL ACTION NO. 4:08CV35TSL-LRA

DENBURY ONSHORE, LLC                                      DEFENDANT

AND

AMERICAN INTRASTATE INSURANCE COMPANY                    INTERVENOR

                    MEMORANDUM OPINION AND ORDER

   This cause is before the court on the revised motion of defendant Denbury Onshore, LLC (Denbury) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and a separate motion by Denbury to strike the expert designation, report and testimony of Gregg S. Perkin, P.E.  Plaintiff William T. Cooley has responded to both motions and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that Denbury's motion for summary judgment should be denied and that the motion to strike is well taken in part.

   As to the motion for summary judgment, having considered the parties' legal arguments in light of the evidence presented by the parties, including the deposition testimony of the several individuals present at the worksite before and on the date of the accident in which plaintiff was injured, the court is of the opinion that there are genuine issues of material fact as to

whether Denbury was in control of the work performed by plaintiff's employer Floquip, Inc., and most particularly as to whether, prior to the accident, Denbury, through its Well Mechanic Supervisor, Lester Butler, had assumed control over the work being performed by plaintiff. In substance, plaintiff has testified that when Butler was at the job site, he was in control; and, plaintiff has claimed that immediately prior to his accident, at a time when his Floquip supervisor was engaged in performing other parts of the job as directed by Butler, Butler took control of plaintiff's work and specifically instructed plaintiff to take certain actions which Butler knew or should have known placed him in harm's way. Given this testimony, the court is unable to conclude that summary judgment is in order.[1]

Denbury has moved to strike plaintiff's proffered expert Gregg Perkin on the basis that his testimony fails to meet the standards for admissibility under Rule 702 of the Federal Rules of

---

[1] As Denbury notes, under Mississippi law, a premises owner has no duty to protect an independent contractor or its employees from risks arising from or intimately connected with defects of the premises or machinery located on the premises which the contractor has undertaken to repair, unless plaintiff can show that the premises owner retained control over the performance of that aspect of the work which gave rise to the injury. See Magee v. Transcontinental Gas Pipeline Corp., 551 So. 2d 182, 186 (Miss. 1989).
    Denbury does correctly argue that merely giving general instructions as to the work to be done does not amount to de facto control by Denbury of the work Floquip was hired to perform. See id. However, it is unclear from the record whether Butler's alleged instruction to plaintiff was a general instruction or instead a specific directive.

2

Evidence as his opinions are not based on sufficient facts or data and are not the product of reliable principles and methods.

Plaintiff has offered Perkin, whose specialty is engineering, as an expert to testify as to "the operations ongoing on the date of the accident, the roles and responsibilities of the various personnel involved, the equipment involved, recommended practices, guidelines and regulations and the Defendant's liability." Initially, Denbury points out that in his report and testimony, Perkin has asserted his opinions that "Denbury had a duty and responsibility to see that the work (being performed by Floquip) was being carried out safely and completely," that "Denbury should have provided a competently trained and knowledgeable supervisor at the well to oversee Floquip's work," and that "Denbury should have seen to it that a Job Safety Analysis ('JSA') had been properly implemented by Floquip." Denbury notes that Perkin's proffered opinions as to these alleged duties is based entirely on certain regulations of the Occupational Health and Safety Administration (OSHA), which Denbury maintains have no arguable applicability or relevance to this case. Denbury is correct, and thus, the referenced opinions offered by Perkin will be stricken. See Sumrall v. Mississippi Power Co., 693 So. 2d 359, 367 (Miss. 1997) (holding that "evidence of OSHA regulations is not admissible to show negligence"); Melerine v. Avondale Shipyards, Inc., 659 F.2d 706, 711 (5th Cir. 1981) (stating that OSHA

3

regulations "control only the employer's duty to his employees," and that "[i]n a negligence action, regulations promulgated under [OSHA], "[w]hile ... evidence of a general standard of care due employees, they establish no standard of care due third persons" so that "the failure of a third party that was not the plaintiff's employer to follow OSHA regulations [does not] establish[] that third party's negligence").

As evidenced by Perkin's report and testimony, and by plaintiff's response to the motion to strike, plaintiff plans to offer Perkin to testify that Denbury had control of the workplace; but plainly, Perkin's alleged expertise as an engineer is unnecessary to assist the jury in understanding and determining whether the actions of any Denbury employee constitutes "control" of the workplace. Perkin will not be permitted to offer opinions on the issue of "control." See Fed. R. Evid. 702; United States v. McGinnis, 201 Fed. Appx. 246, 248, 2006 WL 2828661, 2 (5th Cir. 2006) ("[U]nder Rule 702, even a qualified expert need not be permitted to testify if, in the district court's broad discretion, the testimony would not assist the jury.").

That being said, plaintiff will be allowed to offer Perkin's testimony generally regarding the methods used to secure the pumping unit's walking beam assembly in place while the failed gear box was being replaced, regarding what was involved in "reassembling" the pumping unit to return it to operation, and

4

regarding the hazards posed by the methods used, and specifically as to the alleged hazard that existed when the crane was unhooked from the beam.

Based on the foregoing, it is ordered that Denbury's revised motion for summary judgment is denied. It is further ordered that Denbury's motion to strike Perkin's testimony is granted in part and denied in part, as set forth herein.

SO ORDERED this 20th day of November, 2009.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE